NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN L. STEWART, | No. 20-55802 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01887-ODW-SK |
| v. | |
| ROBERT WILKIE, Secretary, Department of Veteran Affairs, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff Marvin Stewart ("Stewart") appeals pro se from the district court's

summary judgment grant in favor of the Secretary of the Department of Veterans

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Affairs ("Secretary) in his action for age discrimination. We review de novo, *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 802 (9th Cir. 2008), and we affirm.

Stewart failed to establish a genuine issue of material fact concerning his claim of age discrimination. To prevail on a claim under the Age Discrimination in Employment Act ("ADEA"), a "plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). In a non-selection ADEA case such as here, a plaintiff may establish a prima facie case by producing evidence that he was "(1) at least forty years old, (2) qualified for the position for which [he applied], (3) denied the position, and (4) the [position] was given to a substantially younger person." *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012). However, the plaintiff must also demonstrate that the defendant at least knew of the plaintiff's protected status, as "an employer cannot intentionally discriminate against a job applicant" based on protected status without knowledge of such status. *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003) ("If [the decision-maker] were truly unaware that such a disability existed, it would be impossible for her hiring decision to have been based, even in part, on respondent's disability.").

Stewart failed to establish that age played any part in the selection process. According to defendant's declarations, at the first step, minimal eligibility for the

2

positions is reviewed, and all information regarding an applicant's age is removed or redacted prior to such review. Stewart was determined to be qualified for both positions and passed on to the second step, where a ranking panel reviewed and assigned points to each candidate based on criteria such as education, contracting experience, and other relevant training or certifications. Stewart did not rank in the top five in points and was thus eliminated from consideration. Again, the Secretary submitted numerous, uncontroverted declarations that Stewart's age was redacted and that no one on the ranking panel was aware of Stewart's age. *See Robinson*, 847 F.2d at 1316 (no inference of discrimination where plaintiff offers "proof that he is [in protected class], but there is no showing by direct or indirect evidence that the decision-maker knew this fact").

The district court also did not err in determining that Stewart had failed to exhaust his claim that the Secretary had misapplied his Veterans Preference, because he did not raise this claim before the EEOC in relation to the applications at issue nor was it asserted in his amended complaint in district court. In any event, as the court also noted in its order denying Stewart's motion for reconsideration, Stewart's proffered facts regarding [his] "Veterans Preference status are immaterial where he failed to establish or raise a genuine dispute that any Ranking Panel member knew his age."

**AFFIRMED.**